*Williamson Medical Center v. Charles E. Johnson,
Acting Secretary of the United States Department of Health
and Human Services*
**Exhibit A**



| DEPARTMENT OF HEALTH AND HUMAN SERVICES | Suzanne Cochran, Esq., Chairperson |
| PROVIDER REIMBURSEMENT REVIEW BOARD | Yvette C. Hayes |
| 2520 Lord Baltimore Drive, Suite L | Michael D. Richards, CPA |
| Baltimore MD 21244-2670 | Keith E. Braganza, CPA (Inactive) |
| Phone: 410-786-2671  FAX: 410-786-5298 | |
| Internet: www.cms.hhs.gov/PRRBReview | |

Refer to:
05-0199

JAN 0 5 2009

RECEIVED JAN 8 2009

## CERTIFIED MAIL

Steven B. Roosa
Reed Smith, LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 09540-7839

RE: Williamson Medical Center
    PRRB Case No. 05-0199
    FYE – 6/30/00
    Provider No. 44-0029

Dear Mr. Roosa:

The Provider Reimbursement Review Board (Board) has reviewed the Provider's December 8, 2008, request for expedited judicial review (EJR) in the above-referenced appeal. The Board finds that EJR is appropriate.

### Background

42 U.S.C. § 1395oo (f) (1) and 42 C.F.R. § 405.1842 permits expedited judicial review where the Board determines that it does not have the authority to decide a question of law, regulation, or CMS ruling. In this case, the Provider is requesting that the Board determine that it is without the authority to decide the question of whether the regulation 42 U.S.C. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000 is valid. The Provider believes that the Secretary's policy during this time period conflicts with 42 U.S.C § 1395ww(d)(5)(F)(vi)(II), which states that the Medicaid proxy includes patients who, during the cost reporting period, were eligible for medical assistance under a state plan approved under Title XIX. Expansion waiver days are patient days associated with patients who were made eligible for Medicaid because of a Section 1115 waiver that relaxes certain Medicaid statutory requirements regarding the State Medicaid plan.

### Decision of the Board

The Board has reviewed the submissions of the Provider pertaining to the request for hearing and EJR. The Intermediary did not oppose the request for EJR. The documentation shows that the estimated amount in controversy exceeds $10,000 and the appeal was timely filed.

1

The Board finds that:

1. it has jurisdiction over the matter for the subject year and the Provider is entitled to a hearing before the Board;

2. based upon the Provider's assertions regarding the § 1115 waiver issue, there are no findings of fact for resolution by the Board;

3. it is bound by the regulation; and

4. it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b) (4) (ii), is valid.

Accordingly, the Board finds that the § 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f) (1) and hereby grants the Provider's request for EJR for the issue and the subject year. The Provider has 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating:
Suzanne Cochran, Esq.
Yvette C. Hayes
Michael D. Richards, CPA
Keith E. Braganza, CPA

For the Board:

Suzanne Cochran, Esq.
Chairperson

Cc:   Michael Shaver, Riverbend GBA
      Bernard Talbert, BCBSA

2